1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROGER S. RAPHAEL, SB# 111946
2     Email: Roger.Raphael@lewisbrisbois.com
ROBERT FARRELL, SB# 107461
3     Email: Robert.Farrell@lewisbrisbois.com
333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company

7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSH QUIROZ, an individual,                  CASE NO.

12             Plaintiff,              **DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331**

13        vs.

14  BMW OF NORTH AMERICA, LLC, a          **[FEDERAL QUESTION JURISDICTION]**
Delaware Limited Liability Company; EAST
15  BAY AUTOMOTIVE, INC. d/b/a EAST BAY
BMW, a California Corporation; and DOES 1
16  through 20, inclusive,

17             Defendants.

18

19       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE that on September 8, 2017, Defendant BMW OF NORTH

22  AMERICA, LLC ("Defendant"), filed this Notice of Removal on the basis of federal question

23  jurisdiction pursuant to 28 U.S.C. §§ 1331, 1446, and 1367(a)

24       1. On August 2, 2017, Plaintiff JOSH QUIROZ, an individual ("Plaintiff"), by and through his

25  attorneys, filed a civil action in the Superior Court of the State of California in and for the County of

26  Alameda, entitled *Josh Quiroz, an individual v. BMW of North America, LLC, a Delaware Limited*

27  *Liability Company; East Bay Automotive, Inc. d/b/a East Bay BMW, a California Corporation; and*

28  *Does 1 through 20, inclusive,* Case No. HG17870976.  A true and correct copy of the Summons,

4832-3419-5278.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Complaint, and Proof of Service of Summons, and all documents served therewith, are attached as

2  **Exhibit A**.

3      2.     On August 24, 2017, the Summons and Complaint was served on Defendant.  This

4  Notice of Removal is filed within the thirty (30) day time limit for removal set forth in 28 U.S.C. §

5  1446(b)(3).

6  **FEDERAL QUESTION JURISDICTION**

7      3.     The basis for removal is that this Court has original jurisdiction of this action under 28

8  U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §

9  1441(b)(3), in that Plaintiff's Complaint contains a cause of action "arising under the Constitution,

10  laws, or treaties of the United States."

11      4.     Plaintiff's Complaint alleges, among other things, that Defendant breached express

12  warranties and implied warranties of merchantability under the Federal Magnuson-Moss Warranty

13  Act, 15 U.S.C. 2301 *et seq*.

14  **JURISDICTION OVER STATE LAW CLAIMS**

15      5.     The other causes of action and bases for relief asserted by Plaintiff in this action arise

16  out of the same set of facts and are part of the same case and controversy involving alleged

17  nonconformities in Plaintiff's 2015 BMW i8 vehicle, so that this Court has supplemental jurisdiction

18  of them within the meaning of 28 U.S.C. § 1367(a).

19      **WHEREFORE**, Defendant respectfully prays that this Notice of Removal be deemed good

20  and sufficient, and that Case No. HG17870976 be removed from the Superior Court of California,

21  County of Alameda, to the docket of this Honorable Court.

22  DATED: September 8, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24                     By: */s/ Robert Farrell*

                         Roger S. Raphael

25                           Robert Farrell

                         Attorneys for Defendant

26                           BMW OF NORTH AMERICA, LLC

27

28



2
DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE OF REMOVAL TO FEDERAL  COURT<br/>PURSUANT  TO  28 U.S.C. §§ 1331, 1367(a) 1441 and 1446

# EXHIBIT A

10:12 am.   8-24-17

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** BMW OF NORTH AMERICA, LLC, a
*(AVISO AL DEMANDADO):* Delaware Limited Liability
Company; EAST BAY AUTOMOTIVE, INC. d/b/a EAST BAY
BMW, a California Corporation; and DOES 1 through 20,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** JOSH QUIROZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

AUG 0 2 2017

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA- Alameda County<br>24405 Amador St.<br>Hayward, CA 94544 | **CASE NUMBER:**<br>*(Número del Caso):*<br>HG17870976 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher M. Lovasz, Esq. (SBN 303120)   562-424-3293   562-595-1849
CONSUMER LEGAL SERVICES, P.C.
2330 Long Beach Blvd.
Long Beach, CA 90806

DATE:   **Chad Finke**   Clerk, by ___**ALEX KOSENKO, JR**___ , Deputy
*(Fecha)* AUG 0 2 2017   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

AUG 0 2 2017

1  **CONSUMER LEGAL SERVICES, P.C.**
   Christopher M. Lovasz, Esq. (SBN 303120)
2  Jeeho H. Lim, Esq. (SBN 297365)
   2330 Long Beach Boulevard
3  Long Beach, California 90806
   Telephone: (562) 424-3293
4  Facsimile: (562) 595-1849
5
6  Attorneys for Plaintiff,
   JOSH QUIROZ
7

ENDORSED
FILED
ALAMEDA COUNTY

AUG 0 2 2017

CLERK OF THE SUPERIOR COURT
By Alex R. Kosenko Jr, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF ALAMEDA**

10

11  JOSH QUIROZ, an individual,     ) **CASE NO.:  HG17870976**
                                    )
12                                  )
                                    ) Assigned for all purposes to:
13                                  ) Dept.:
           Plaintiff,              )
14                                  ) **COMPLAINT FOR DAMAGES:**
                                    )
15          v.                     )   1.  **Breach of Implied Warranty of**
                                    )       **Merchantability under the Song-**
16                                  )       **Beverly Warranty Act.**
                                    )
17                                  )
    BMW OF NORTH AMERICA, LLC, a    )   2.  **Breach of Express Warranty under**
18  Delaware Limited Liability Company; EAST )   **the Song-Beverly Warranty Act.**
    BAY AUTOMOTIVE, INC. d/b/a EAST BAY )
19  BMW, a California Corporation; and DOES 1 )
20  through 20, inclusive,          )   3.  **Breach of Express Warranty under**
                                    )       **the Magnuson-Moss Warranty Act.**
21                                  )
           Defendants.             )   4.  **Breach of Implied Warranty of**
22                                  )       **Merchantability under the**
                                    )       **Magnuson-Moss Warranty Act.**
23                                  )
24                                  )   **JURY TRIAL DEMANDED**
                                    )
25

26

27

28

1

**PLAINTIFF** JOSH QUIROZ hereby alleges and complains as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff is an individual, residing in the City of Vallejo, County of Solano, in the State of California.

2.      Defendant BMW OF NORTH AMERICA, LLC (hereinafter referred to as "Manufacturer") is a limited liability company doing business in the County of Alameda, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of BMW motor vehicles and related equipment.

3.      Defendant EAST BAY AUTOMOTIVE, INC. d/b/a EAST BAY BMW (hereinafter referred to as "Seller") is a corporation doing business in the County of Alameda, State of California, and, at all times relevant herein, a Manufacturer-authorized agent engaged in the business of selling/leasing and servicing and repairing Manufacturer's vehicles.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course

2

and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

6.     Before May 9, 2016, Defendants, Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new **2015 BMW i8, VIN: WBY2Z2C59FV674403** (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

7.     On or about May 9, 2016, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of $188,935.10. Retail Installment Sale Contract is in the possession of Defendants.

8.     The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9.     Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for four years or 50,000 miles pursuant to the basic warranty, four years or 50,000

3

miles pursuant to the drivetrain warranty, and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

10.     Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

11.     Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on several separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair Orders/Invoices are in the possession of Defendants.

12.     By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following: regenerative braking malfunctions, performed rotor position offset service function, check engine light illuminations, exterior defects, weather strip seal replacement, EME replacement, electric machine replacement, mounting brackets replacement and starter motor generator replacement, among other concerns.

13.     Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

///

///

14.      Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

## FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all Defendants)

15.      Plaintiff realleges each and every paragraph (1-14) and incorporates them by this reference as though fully set forth herein.

16.      The distribution and sale of the Vehicle was accompanied by the Manufacturer and Seller's implied warranty that the Vehicle was merchantable.

17.      Furthermore, Defendants, and each of them, impliedly warranted, *inter alia*, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

18.      As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under

the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

19.     Upon discovery of the Vehicles' nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

21.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

22.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

23.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

6

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against all Defendants)

24.     Plaintiff realleges each and every paragraph (1-23) and incorporates them by this reference as though fully set forth herein.

25.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

26.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

27.     Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

28.     The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

29.     Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

30.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election,

7

plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

31.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

32.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of her attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## THIRD CAUSE OF ACTION

(Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants)

33.    Plaintiff realleges each and every paragraph (1-32) and incorporates them by this reference as though fully set forth herein.

34.    Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

35.    The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36.    The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

8

37.      The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

38.      The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

39.      The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

40.      The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

41.      The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

42.      As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

///

///

///

# FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants)

43.     Plaintiff realleges each and every paragraph (1-42) and incorporates them by this reference as though fully set forth herein.

44.     The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

10

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.   For replacement or restitution, at Plaintiff's election, according to proof;

B.   For incidental damages, according to proof;

C.   For consequential damages, according to proof;

D.   For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.   For actual attorney's fees, reasonably incurred;

F.   For costs of suit and expenses, according to proof;

G.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.   For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.   For pre-judgment interest at the legal rate;

J.   Such other relief the Court deems appropriate.

Date: 7/27/17

Respectfully submitted,
CONSUMER LEGAL SERVICES, P.C.

By: _____
Christopher M. Lovász, Esq.
Jeeho H. Lim, Esq.
Attorneys for Plaintiff,
JOSH QUIROZ

11

 CT Corporation

**Service of Process Transmittal**
08/24/2017
CT Log Number 531819002

TO:     Howard Harris
        BMW of North America, LLC
        300 Chestnut Ridge Road
        Woodcliff Lake, NJ 07677-7731

RE:     **Process Served in California**

FOR:    BMW of North America, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Josh Quiroz, etc., Pltf. vs. BMW of North America, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet(s), Notice(s), Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court - Hayward, CA<br>Case # HG17870976 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/24/2017 at 10:12 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Christopher M. Lovasz<br>Consumer Legal Services, P.C.<br>2330 Long Beach Blvd.<br>Long Beach, CA 90806<br>562-424-3293 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2017, Expected Purge Date: 08/30/2017<br><br>Image SOP<br><br>Email Notification, Barry Chen  Barry.chen@bmwnaext.com<br><br>Email Notification, Diane Carbone  Diane.Carbone@bmwna.com<br><br>Email Notification, Gino Palacios  Gino.Palacios@bmwnaext.com<br><br>Email Notification, Toni-Lynne Mathias  Toni-lynne.Mathias@bmwnaext.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFICATE OF SERVICE**
***Quiroz v. BMW of North America, LLC, et al.***
USDC- Northern District, _____ Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 8, 2017, I served the following document:

**DEFENDANT BMW OF NORTH AMERICA, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) AND 1331**

I served the document on the following persons at the following address (including a fax number and email addresses, if applicable):

| | |
|---|---|
| Christopher M. Lovasz, Esq.<br>Jeeho H. Lim, Esq.<br>2330 Long Beach Boulevard<br>Long Beach, CA  90806<br>***Attorneys for Plaintiff*** | Tel:  562.424.3293<br>Fax:  562.595.1849<br>Email: clovasz@lemonauto.com<br>jeeho.h.lim@gmail.com |

The document was served by the following means:

☒ **(BY U.S. MAIL)**  I enclosed the document in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

The document was e-filed by the following means:

☒ **(BY CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Dated:  September 8, 2017

*/s/ B, Yasinah Johnson*
B. Yasinah Johnson