1 JEFFREY M. VUCINICH, ESQ.  BAR#: 67906
ELIZABETH D. RHODES, ESQ.  BAR#: 218480
2 CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
3 1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
4 (650) 989-5400  (650) 989-5499 FAX

5 Attorneys for Defendant
EAST BAY AUTOMOTIVE COMPANY dba EAST BAY BMW,
6 erroneously sued herein as EAST BAY AUTOMOTIVE, INC., dba
EAST BAY BMW
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSH QUIROZ, an individual,                CASE NO.: 4:17-CV-05216-KAW

12           Plaintiffs,

13   v.                                          **DEFENDANT HENDRICK
                                                 CORPORATION LLC, dba EAST BAY
14   BMW OF NORTH AMERICA, LLC, a                BMW'S ANSWER TO PLAINTIFF'S
     Delaware Limited Liability Company;         COMPLAINT**
15   EAST BAY AUTOMOTIVE, INC. d/b/a
     EAST BAY BMW, a California
16   Corporation; and DOES 1 - 20, inclusive,

17           Defendants.                         Complaint filed: August 2, 2017

18

19          COMES NOW, Defendant EAST BAY AUTOMOTIVE COMPANY dba EAST BAY BMW,

20   erroneously sued herein as EAST BAY AUTOMOTIVE, INC., dba East Bay BMW (hereinafter

21   referred to as "Answering Defendant") in answer to the above-entitled action and answering and

22   countering the Complaint ("Complaint") of Plaintiff JOSH QUIROZ ("Plaintiff") admits, denies and

23   alleges as follows:

24          1.      In answering paragraph 1, Defendant is presently without knowledge or information

25   sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

26   every allegation therein.

27   / / /

28

2.      In answering paragraph 2, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

3.      In answering paragraph 3, Defendant admits that its actual name is EAST BAY AUTOMOTIVE COMPANY, dba EAST BAY BMW, and that it is a corporation doing business in Alameda County engaged in the business of selling/leasing and servicing BMW vehicles and it was an authorized agent of BMW of North America LLC, a Delaware Limited Liability Company authorized to do business in the State of California

4.      In answering paragraph 4, this paragraph only contains legal contentions and conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.  To the extent a response is required, Defendant denies the allegations.

5.      In answering paragraph 5, this paragraph only contains legal contentions and conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.  To the extent a response is required, Defendant denies the allegations.

6.      In answering paragraph 6, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

7.      In answering paragraph 7, Defendant admits the allegations as stated.

8.      In answering paragraph 8, this paragraph only contains legal contentions and conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said paragraph.  To the extent a response is required, Defendant denies the allegations.

9.      In answering paragraph 9, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

10.      In answering paragraph 10, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

11.     In answering paragraph 11, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

12.     In answering paragraph 12, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

13.     In answering paragraph 13, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

14.     In answering paragraph 14, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

## FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability Under Song Beverly Act Against All Defendants)

15.     Defendant incorporates by reference its responses to paragraphs 1 through 14, inclusive, as if set forth herein.

16.     In answering paragraph 16, Defendant admits the allegation.

17.     In answering paragraph 17, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

18.     In answering paragraph 18, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

19.     In answering paragraph 19, Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and every allegation therein.

///

DEFENDANT HENDRICK CORPORATION LLC, dba EAST BAY
BMW'S ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO. 4:17-CV-05216-KAW                                    3

G:\Data\DOCS\0073\95510\Answer
– Federal.wpd

1     20.     In answering paragraph 20, Defendant is presently without knowledge or information

2    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

3    every allegation therein.

4     21.     In answering paragraph 21, Defendant is presently without knowledge or information

5    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

6    every allegation therein.

7     22.     In answering paragraph 22, Defendant is presently without knowledge or information

8    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

9    every allegation therein.

10     23.     In answering paragraph 23, Defendant is presently without knowledge or information

11    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

12    every allegation therein.

13                **SECOND CAUSE OF ACTION**

14        (Breach of Express Warranty Under Song Beverly Act Against All Defendants)

15     24     Defendant incorporates by reference its responses to paragraphs 1 through 23,

16    inclusive, as if set forth herein.

17     25.     In answering paragraph 25,  this paragraph only contains legal contentions and

18    conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

19    paragraph.  To the extent a response is required, Defendant denies the allegations.

20     26.     In answering paragraph 26, Defendant is presently without knowledge or information

21    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

22    every allegation therein.

23     27.     In answering paragraph 27, Defendant is presently without knowledge or information

24    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

25    every allegation therein.

26     28.     In answering paragraph 28, Defendant is presently without knowledge or information

27    sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

28

DEFENDANT HENDRICK CORPORATION LLC, dba EAST BAY
BMW'S ANSWER TO PLAINTIFF'S COMPLAINT;
CASE NO.  4:17-CV-05216-KAW       4           G:\Data\DOCS\0073\95510\Answer
                                                              - Federal.wpd

1  every allegation therein.

2      29.     In answering paragraph 29, Defendant is presently without knowledge or information

3  sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

4  every allegation therein.

5      30.     In answering paragraph 30, Defendant is presently without knowledge or information

6  sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

7  every allegation therein.

8      31.     In answering paragraph 31, Defendant is presently without knowledge or information

9  sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

10  every allegation therein.

11      32.     In answering paragraph 32, Defendant is presently without knowledge or information

12  sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

13  every allegation therein.

14                          **THIRD CAUSE OF ACTION**

15      (Breach of Written Warranty Under Magnuson-Moss Warranty Act Against All Defendants)

16      33.     Defendant incorporates by reference its responses to paragraphs 1 through 32,

17  inclusive, as if set forth herein.

18      34.     In answering paragraph 34,  this paragraph only contains legal contentions and

19  conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

20  paragraph.  To the extent a response is required, Defendant denies the allegations.

21      35.     In answering paragraph 35,  this paragraph only contains legal contentions and

22  conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

23  paragraph.  To the extent a response is required, Defendant denies the allegations.

24      36.     In answering paragraph 36,  this paragraph only contains legal contentions and

25  conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

26  paragraph.  To the extent a response is required, Defendant denies the allegations.

27  ///

28

1   37.   In answering paragraph 37, this paragraph only contains legal contentions and

2   conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

3   paragraph. To the extent a response is required, Defendant denies the allegations.

4   38.   In answering paragraph 38, Defendant admits the allegation.

5   39.   In answering paragraph 39, Defendant is presently without knowledge or information

6   sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

7   every allegation therein.

8   40.   In answering paragraph 40, Defendant admits the allegation.

9   41.   In answering paragraph 41, Defendant is presently without knowledge or information

10   sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

11   every allegation therein.

12   42.   In answering paragraph 42, Defendant is presently without knowledge or information

13   sufficient to form a belief as to the truth of the allegations asserted, and on that basis denies each and

14   every allegation therein.

15   **FOURTH CAUSE OF ACTION**

16   (Breach of Implied Warranty Under Magnuson-Moss Warranty Act Against All Defendants)

17   43.   Defendant incorporates by reference its responses to paragraphs 1 through 42,

18   inclusive, as if set forth herein.

19   44.   In answering paragraph 44, this paragraph only contains legal contentions and

20   conclusions and not factual allegations, and Defendant is therefore not required to admit or deny said

21   paragraph. To the extent a response is required, Defendant denies the allegations.

22   **PRAYER**

23   To the extent that any averment in Plaintiff's Prayer is deemed to require a response,

24   Defendant denies each and every allegation contained therein.

25   / / /

26   / / /

27   / / /

28

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

**AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action in that said Complaint, and each alleged cause of action thereof, is barred by the statute of limitations stated in Part 2, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with § 335, and continuing through § 349.4 and, more particularly, but not limited to, §§ 337, 337.1, 337.15, 337.5, 338, 339, 340 and 343, and California Commercial Code § 2725.

**AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant allege that Plaintiff have failed, and continue to fail, to mitigate their damages, if any there were.

**AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff was, the purchaser, failed to notify the seller of the breach after he or she should have discovered the breach. See Cal. Com. Code § 2607(3)(a).

**AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant is informed and believes and thereon alleges that Plaintiff accepted the goods with knowledge of non-conformity pursuant to Cal. Com. Code § 2607(2).

**AS AN SIXTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff failed to meet and perform all necessary covenants, conditions and promises required by them to be performed in accordance with the terms and conditions of the agreement.

**AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff is estopped from collecting any alleged damages because Plaintiff breached the alleged agreement that is the subject of this Complaint.

**AS A EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff unreasonably delayed in bringing this action against this Defendant and that such delay prejudiced this Defendant, and, therefore, this action against this Defendant is barred by the doctrine of laches.

**AS AN NINTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that Plaintiff, by virtue of having been the sole or major contributing factor to the alleged losses of which he now complains, based upon his own fault or misconduct, are guilty of unclean hands and therefore barred from seeking the relief sought in the Complaint by that principle, as well as by the principle of in pari delicto.

**AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant alleges that the duration of any implied warranty is only one year.   See, Civil Code § 1791.1©.

**AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that any warranty was expressly excluded by the seller.  See Cal. Civ. Code § 2316(2).

**AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendant allege that the actions of the Plaintiff prevented this Defendant from performing in any way, and released defendants from any duty or liability to Plaintiff.  Should any breach of duty have occurred on the part of the defendant, said breach was waived by the conduct and actions of the Plaintiff.

**AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and each alleged cause of action thereof, this answering Defendants alleges that there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to

1  him.  See Cal. Com. Code § 2316(3)(b).

2      **AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint,

3  and each alleged cause of action thereof, this answering Defendant alleges that it fulfilled any and all

4  obligations attributed to it under any agreements referred to by Plaintiff.

5      **AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and

6  each alleged cause of action thereof, this answering Defendant alleges that any implied warranty can

7  is excluded or modified by course of dealing or course of performance or usage of trade.  See Cal.

8  Com. Code § 2316(3)©.

9      **AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and

10  each alleged cause of action thereof, this answering Defendant alleges that it breached no implied

11  warranty of merchantability as the vehicle in question was "is in safe condition and substantially free

12  of defects." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1303 (2009).

13      **AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint,

14  and each alleged cause of action thereof, this answering Defendant alleges that the goods were of the

15  minimum level of quality required to satisfy the implied warranty of merchantability. See *Am. Suzuki*

16  *Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995).

17      **AS A EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint,

18  and each alleged cause of action thereof, this answering defendant alleges that plaintiff failed to meet

19  conditions precedent, and as a result, breached the contract.

20      **AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint,

21  and each alleged cause of action thereof, this answering defendant alleges that anything received by

22  plaintiff fully conformed to any alleged warranties or representations made by defendant.

23      **AS A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, and

24  each alleged cause of action thereof, this answering defendant alleges that Plaintiff has no restitution

25  remedy under breach of implied warranty because there was no timely revocation of acceptance after

26  the alleged breach and before a substantial change in the condition of the goods.

27  ///

28

**AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering defendant alleges that the Complaint and each alleged cause of action thereof, fails to state facts sufficient to support an award of attorneys fees, costs and expenses against this answering defendant.

**AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering Defendant alleges that some of Plaintiff's concerns may have been caused by unreasonable or unauthorized use. Civil Code Section. 1794.3.

**AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering Defendant alleges has failed to provide written notice under Civil Code Section 1794(e)(3), therefore, Plaintiff's civil penalty claim is barred.

**AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering Defendant alleges that its evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

**AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering Defendant alleges that it maintains a qualified third-party dispute resolution process, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation. *Suman v. BMW of North America, Inc* (1994) 23 Cal. App. 4th 1.

**AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF**, this answering Defendant alleges that each and every cause of action therein does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of California Code of Civil Procedure section 1793.22(b).

/ / /

AS A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering Defendant alleges that Plaintiff, his agents, employees, servants and representatives were partially, if not wholly, negligent or otherwise at fault on his own behalf pursuant to the doctrine of comparative negligence, and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault.

AS A TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF, this answering Defendant alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. This answering Defendant reserves the right to assert affirmative defenses after the same shall have been ascertained.

WHEREFORE, this Defendant prays as follows:

1.      For dismissal of Plaintiff's Complaint with prejudice;

2.      For judgment in favor of Defendant, against Plaintiff.

3.      For the costs of suit herein; and,

For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY

Defendant hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues raised in the Complaint.

DATED: January 26, 2018                    CLAPP, MORONEY, VUCINICH,
                                           BEEMAN and SCHELEY


                                           */S/ Jeffrey M. Vucinich*
                                  By: _____
                                           JEFFREY M. VUCINICH, ESQ.
                                           ELIZABETH D. RHODES, ESQ.
                                           Attorneys for Defendant
                                           HENDRICK CORPORATION, LLC
                                           dba EAST BAY BMW

**QUIROZ, JOSH v. BMW OF NORTH AMERICA, LLC, et al.**
U.S. District Court, Northern District of California Case No. 4:17-CV-05216-KAW

**PROOF OF SERVICE - Civil**
[*Code of Civ. Proc. §§ 1011, 1013, 1031a, 2015.5*]

**METHOD OF SERVICE:**

☐ **By Personal Service**    ☒ **By Mail**         ☐**By Overnight Delivery**
☐ **By Messenger Service**   ☐ **By Facsimile**    ☒ **By E-Mail/Electronic Transmission**

1. I am a citizen of the United States and am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066.

3. On the date set forth below, I caused to be served a true and correct copy of the document described as:

**DEFENDANT HENDRICK CORPORATION LLC, dba EAST BAY BMW'S
ANSWER TO PLAINTIFF'S COMPLAINT**

4. I served the document on the persons below, as follows:

| | |
|---|---|
| Christopher M. Lovasz, Esq.<br>Jeeho H. Lim, Esq.<br>Consumer Legal Service, P.C.<br>2330 Long Beach Boulevard<br>Long Beach, CA 90806<br>Tel: (562) 424-3293<br>Fax: (562) 595-1849<br>email: clovasz@lemonauto.com<br>email: jeeho.h.lim@gmail.com<br>***Attorneys for Plaintiff JOSH QUIROZ*** | Roger S. Raphael, Esq.<br>Robert Farrell, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br>333 Bush Street, Suite 1100<br>San Francisco, CA 94104-2872<br>Tel: (415) 362-2580<br>Fax: (415) 434-0882<br>email: Roger.Raphael@lewisbrisbois.com<br>email: Robert.Farrell@lewisbrisbois.com<br>***Attorneys for Defendant BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company*** |

5. The document was served by the following means (specify):

   a.   ☐   **BY PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b.   ☒   **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Services, with the postage fully prepaid.

(2) ▣ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am resident or employed in the County where the mailing occurred. The envelope or package was placed in the mail at San Bruno, California, County of San Mateo.

c. ☐ **BY OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **BY MESSENGER SERVICE.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ☐ **BY FAX TRANSMISSION.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ▣ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

▣ **(Federal)** I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2018, at San Bruno, California.

_Claudia Gomez_

***Proof of Service - Civil***
***[Code of Civ.Proc. §§ 1011, 1013, 1013a, 2015.5]***